IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KRYSTA VAN WOERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NO.** |
| vs. | ) | |
| | ) | |
| WASHINGTON SERVICE CORPS, a program | ) | **COMPLAINT FOR** |
| of WASHINGTON STATE EMPLOYMENT | ) | **DECLARATORY AND** |
| SECURITY DEPARTMENT, and UNITED | ) | **INJUNCTIVE RELIEF** |
| WAY OF KING COUNTY, | ) | **AND DAMAGES** |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY DEMAND** |

COMES NOW, Plaintiff, Krysta Van Woert, by and through her attorneys Washington Civil & Disability Advocate for her Complaint for Declaratory and Injunctive Relief and Damages to state and allege as follows:

## I.    INTRODUCTION

1.    Defendants all play a part in managing and operating the major federal government program commonly known as "AmeriCorps" that provides "a national network of hundreds of programs across the nation."[1]  In addition to education awards, AmeriCorps positions are renown for valuable job trainings and experiences that launch AmeriCorps

---

[1] https://www.nationalservice.gov/programs/americorps/americorps-faqs

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 1 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    participants on positive trajectories towards careers serving their communities.[2]

2        2.    Plaintiff Krysta Van Woert is an AmeriCorps participant posted in a one-year

3    position at a public school and charged with assisting and educating students and families about

4    food availability and nutrition since October, 2019.  Ms. Van Woert is also deaf, and her first

5    language is American Sign Language ("ASL") as Defendants have been aware since before her

6    position started.  Despite both the obvious necessity for some form of ASL interpreting

7    accommodation and the repeated, formal and informal requests for accommodation made by Ms.

8    Van Woert, there have been less than 12 instances of any kind of interpreter assistance, in person

9    or using a technology based solution, in the five months since Ms. Van Woert started her

10    position.

11        3.    The Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation

12    Act  and the Washington Law Against Discrimination ("WLAD") guarantee the right to an equal

13    opportunity for people with disabilities so that people like Ms. Woert have the ability to achieve

14    equal performance in their livelihood, and prohibit discrimination against people with disabilities

15    in the form of a failure to provide equal opportunity and access to programs and services due to a

16    person's disability.

17        4.    Under disability civil rights laws, Ms. Van Woert's rights have been violated not

18    only as an employee and AmeriCorps volunteer, but also as a qualified individual with a

19    disability who has been denied the full benefit of Defendants' programs.

20        5.    With much of Ms. Van Woert's one-year posting behind her, and with months of

21    unfruitful, extensive pre-litigation efforts to get a consistent, effective interpreting solution in

22

23    _____

[2] *See* "Ameristories" at https://www.nationalservice.gov/programs/americorps/ameristories, listing dozens of former AmeriCorps participants and their stories of success following postings in AmeriCorps programs, and touting the great benefits of the program to participants.

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 2 of 11**

1    place, she now has no choice but to bring this lawsuit to remedy the ongoing discrimination and

2    to salvage whatever she can of her AmeriCorps experience.

3                                    **II.      PARTIES**

4        6.      Plaintiff Krysta Van Woert is a resident of Pierce County, Washignton and resides

5    in this district.  Ms. Van Woert has been deaf her whole life and her first language is ASL.

6        7.      Defendant Washington Employment Security Department ("ESD") is a

7    department of the State of Washington that administeres the Washington Service Corps ("WSC")

8    program, including in this district.

9        8.      Defendant United Way of King County ("United Way") is a Washington

10   nonprofit corporation based in this judicial district.

11                          **III.      JURISDICTION AND VENUE**

12       9.      This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district

13   courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

14   United States.

15       10.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

16   courts jurisdiction over actions to secure civil rights under Acts of Congress.

17       11.     This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district

18   courts supplemental jurisdiction over related state law claims.

19       12.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the

20   practices and procedures that gave rise to the Plaintiff's Complaint for Declaratory and

21   Injunctive Relief and Damages occur in this district and the Defendants reside in this district.

22                          **IV.      FACTUAL ALLEGATIONS**

23       13.     Plaintiff Krysta Van Woert is an AmeriCorps "volunteer" who began her position

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 3 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   at a public high school in October of 2019 following successful completion of the AmeriCorps

2   application process.

3          14.     Ms. Van Woert's position is in the "Fuel Your Future Food Access" program

4   operated by United Way and involves typical 8-hour weekday shifts at the high school where she

5   assists with the school nutrition programs and is responsible for increasing nutrition education

6   within the student body and providing educational presentations.

7          15.     Since the beginning of her position in October, Ms. Van Woert has requested

8   some form of ASL communication accommodation at least weekly, and often daily.

9          16.     Ms. Van Woert raised the issue with both Defendants within the first week or

10  weeks of her position, if not prior to the start of her position.

11         17.     An interpreter was provided during the initial few days of training, but after that

12  no accommodation were initially provided.

13         18.     Ms. Van Woert can accomplish some of her job without the need for extensive

14  communications with others, but when the conversation is more complicated or when more than

15  one person is involved (for instance, at staff meetings), a more comprehensive communications

16  solution like an ASL interpreter is required.

17         19.     Ms. Van Woert has attempted to follow along and communicate via writings, and

18  several of her coworkers have been helpful in trying to explain things to her during meetings via

19  written notes and have gone far beyond their responsibilities in an effort to help Ms. Van Woert.

20         20.     However, Ms. Van Woert's coworkers have communicated to her that they too

21  are frustrated with Ms. Van Woert's lack of interpreter accommodations and are frustrated with

22  Ms. Van Woert's situation and the extra burden inappropriately placed on them as a result.

23         21.     Ms. Van Woert has been incredibly patient and persistent in attempting to open an

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 4 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    interactive process to create a productive workplace for herself.

2          22.    After weeks of little or no accommodations, Ms. Van Woert contacted

3    Washington Civil & Disability Advocate, who submitted a letter on her behalf to her supervisors.

4    After a December 11, 2019 meeting with Ms. Van Woert's supervisors, Ms. Van Woert believed

5    the plan was to guarantee a full week of interpreter services so Ms. Van Woert could identify

6    where it would be most needed and useful, and then to schedule part time interpreter services

7    thereafter when it would be most useful.

8          23.    The following month, Ms. Van Woert was eventually provided with the one full

9    work-week of interpreter services and felt she was getting back up to speed and ready to continue

10   her work, but has had limited or no accommodations since then and Defendants have been

11   nonresponsive to Ms. Van Woert's continued requests.

12         24.    Ms. Van Woert has since been essentially left in the dark, and Ms. Van Woert's

13   attorney has subsequently attempted to contact her supervisor several times including via both

14   email and phone, but has not received a response as of the filing of this Complaint.

15         25.    Thus, as of the filing of this Complaint, there have been only 12 days where any

16   interpreter or any ASL communication accommodation has been provided out of nearly five

17   months (with the first five of those days being program training days and the other days only

18   occurring after threat of a lawsuit by Ms. Van Woert) and Defendants have not responded to

19   additional requests for accommodation and have provided no formal position or response to

20   accommodation requests.

21         26.    Despite her frustration, Ms. Van Woert continues to try to be present at her

22   position and accomplish as much as she can, but Ms. Van Woert has suffered real damages, in an

23   amount to be determined at trial, both as a result of Defendants' failure to provide reasonable

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 5 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  accommodations and engage in an interactive accommodations process and as a result of

2  Defendants' failure to make the benefits of the AmeriCorps and WSC programs available to Ms.

3  Van Woert.

### V.       FIRST CAUSE OF ACTION
**Title I of the Americans with Disabilities Act**
**42 U.S.C. § 12111**

6      27.      Plaintiff incorporates by reference all allegations in the paragraphs above.

7      28.      The ADA and relevant implementing regulations make it unlawful to

8  "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

9  This includes, among other things, "not making reasonable accommodations to the known

10  physical or mental limitations of an otherwise qualified individual with a disability…".  42

11  U.S.C. § 12112(b)(5).

12      29.      Ms. Van Woert is limited in the major life activity of hearing and her first

13  language is ASL.  She is an individual with a disbility under Title III of the ADA.

14      30.      Ms. Van Woert is a "qualified individual" within the meaning of 42 U.S.C. §

15  12111(8) that can perform the essential functions of her position with or without reasonable

16  accommodation, as demonstrated by her successful application through AmeriCorps and WSC.

17      31.      Reasonable accommodations include solutions such as job restructuring, part-time

18  or modified work schedules, reassignment to a vacant position, acquisition or modification of

19  equipment or devices, and the provision of qualified readers or interpreters. 42 U.S.C. §

20  12111(9).

21      32.      Since the start of her position, Ms. Van Woert has consitently and repeatedly

22  requested interpreter services or any other reasonable accommodations.

23      33.      From the start of her position in October, nearly five months ago, through the date

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 6 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    of filing of this Complaint, Ms. Van Woert has been provided with only 12 days of interpreter

2    servives and has been provided with no other reasonable accommodations.

3        34.    Defendants' discriminatory conduct as alleged in this Complaint has harmed Ms.

4    Van Woert, and the harm will continue without declaratory and injunctive relief.

5        35.    Defendants' discriminatory conduct as alleged in this Complaint entitles Ms. Van

6    Woert to declaratory and injunctive relief as well as damages. 42 U.S.C. § 12117.

7        36.    Defendants' discriminatory conduct as alleged in this Complaint entitles Ms. Van

8    Woert to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C.

9    § 12117.

### VI.    SECOND CAUSE OF ACTION
**Failure to Provide Reasonable Accommodation in Violation of the Washington Law Against Discrimination**
**(R.C.W. §§ 49.60.010 et seq.)**

37.    Plaintiffs incorporate by reference the allegations in the paragraphs above.

38.    The WLAD and implementing regulations provide even greater rights and protections for people with disabilities than the ADA. *Taylor v. Burlington N. R.R. Holdings, Inc.*, 193 Wash. 2d 611, 621–22, 444 P.3d 606, 611 (2019) ("the legislature has expressly rejected the idea that the ADA should be used to constrain the protections offered under the WLAD").

39.    Ms. Van Woert is an individual with a disability within the meaning of the WLAD. R.C.W. § 49.60.040(7)(a).

40.    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: (a) The right to obtain and hold employment without

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 7 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   discrimination."

2      41.   Discrimination under the WLAD includes a failure to make reasonable

3   accommodations so that people with disabilities have an equal opportunity to properly perform

4   their job. W.A.C. § 162-22-025.

5      42.   Defendants' refusal to provide any consistent accommodations so Ms. Van Woert

6   may effectively perform her job is a violation of the WLAD and is disrimination based on

7   disability.

8      43.   As a direct and proximate result of Defendants' discriminatory conduct as alleged

9   in this Complaint, Ms. Van Woert has suffered and continues to suffer difficulty, hardship,

10  isolation, and segregation due to Defendants' failure to make reasonable accommodations.

11     44.   Pursuant to RCW § 49.60.030(2), Ms. Van Woert is entitled to declaratory and

12  injunctive relief and damages, and to recover from Defendants her reasonable attorneys' fees and

13  costs incurred in bringing this action.

14                    **VII.   THIRD CAUSE OF ACTION**
                 **Violation of Section 504 of the Rehabilitation Act**
15                       **(29 U.S.C. § 794 et seq.)**

16     45.   Plaintiffs incorporate by reference the allegations in the paragraphs above.

17     46.   Under 29 U.S.C. § 794(a), no qualified individual with a disability may be

18  excluded from participation in, be denied the benefits of, or be subjected to discrimination under

19  any program or activity receiving Federal finainical assisitance.

20     47.   AmeriCorps, Washington Service Corps, and United Way of King County are

21  programs or activities receiving Federal financial assistance under 29 U.S.C. § 794(b).

22     48.   Ms. Van Woert is a deaf and thus a qualified indibidual with a disability within

23  the meaning of 29 U.S.C. §§ 794 and 705(20).

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 8 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

49.     Defendants have provided Ms. Van Woert with a lesser opportunity to participate in the AmeriCorps program on the basis of her disability.

50.     As a direct and proximate result of Defendants' discriminatory conduct as alleged in this Complaint, Ms. Van Woert has suffered and continues to suffer difficulty, hardship, isolation, segregation, and a lesser and unequal benefit from a Federally funded program or activity.

51.     Pursuant to 29 U.S.C. § 794a, Ms. Van Woert is entitled to declaratory and injunctive relief and damages, and to recover from Defendants her reasonable attorneys' fees and costs incurred in bringing this action.

## VIII.   FOURTH CAUSE OF ACTION
### Title II of the Americans with Disabilities Act
### (29 U.S.C. § 12131 et seq.)

52.     Plaintiffs incorporate by reference the allegations in the paragraphs above.

53.     Under 42 U.S.C. § 12132 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

54.     Ms. Van Woert is a qualified individual with a disability within the meaning of 29 U.S.C. 12131(2) because she meets the essential elegibility requirements for participation in the AmeriCorps and Washington Service Corps programs.

55.     The Washington Employment Security Department is a part of the State of Washington and is a public entity within the meaning of 29 U.S.C. § 12131(1).

56.     Ms. Van Woert has been denied the benefits of and excluded from meantinful participation in her AmeriCorps and WSC position solely as a result of her disability.

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 9 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

57.     Defendants' nearly five months of little or no effort to correct Ms. Van Woert's lack of access to Defendants' programs, despite repeated requets, demonstrates deliberate indifference and thus damages under Title II of the ADA are proper.

58.     Pursuant to 29 U.S.C. § 12133, Ms. Van Woert is entitled to declaratory and injunctive relief and damages, and to recover from Defendants her reasonable attorneys' fees and costs incurred in bringing this action.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Ms. Van Woert respectfully request that this Court:

1.     Assume jurisdiction over this action;

2.     Find and declare Defendants Washington State Employment Security Department and United Way of King County to be in violation of the Titles I and II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq, Section 504 of the Rehabilitation Act of 1973, and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq., and that Defendants acted with deliberate indifference to Ms. Van Woert's constitutionally protected rights;

3.     Issue a permanent injunction ordering Defendants to immediately implement the necessary accommodations, changes, and policies to reasonably accommodate Ms. Van Woert's disability for the remainder of the term of her position;

4.     Issue a permanent injunction ordering Defendants to immediately implement the necessary accommodations, changes, and policies to ensure that qualified individuals with hearing disabilities are not excluded from or denied the benefits of the Washington Service Corps' programs or activities;

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 10 of 11**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1        5.      Award the Ms. Van Woert reasonable attorneys' fees and costs as authorized by

2   42 U.S.C. § 12205 and R.C.W. § 49.60.030;

3        6.      Award punitive, actual, compensatory, and/or statutory damages to Ms. Van

4   Woert for violations of her civil rights as allowed under state and federal law;

5        7.      Award such additional or alternative relief as may be just, proper and equitable.

6   DATED THIS 14th day of February, 2020.

7

8   WASHINGTON CIVIL & DISABILITY ADVOCATE
    Attorneys for Plaintiff

9   */S/ MICHAEL TERASAKI*                        */S/ CONRAD REYNOLDSON*

10  Michael Terasaki                              Conrad Reynoldson
    WSBA# 51923                                   WSBA# 48187

11  4115 Roosevelt Way Ne, Suite B                4115 Roosevelt Way Ne, Suite B
    Seattle, WA 98105                             Seattle, WA 98105

12  (206) 402-1124                                (206) 428-3558
    terasaki@wacda.com                            conrad@wacda.com

13

14

15

16

17

18

19

20

21

22

23